# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LYNN ALLUMS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Case No.  2:12-cv-04190-JHE |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendants** ) | |

### MEMORANDUM OPINION

Plaintiff Lynn Allums ("Allums") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Allums timely pursued and exhausted his administrative remedies.  The case is

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013.  See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on December 17, 2013).  Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."  Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above.

therefore ripe for review under 42 U.S.C. §§ 405(g).[2] The undersigned has carefully considered the record and, for the reasons stated below, the decision of the Commissioner is AFFIRMED.[3]

## I. Factual and Procedural History

Allums was a 50-year-old male with a limited education at the time of his hearing before the Administrative Law Judge ("ALJ") on September 20, 2010. (Tr. 39, 47).

Allums filed an application for DIB and SSI on April 30, 2009, alleging an initial onset date of January 1, 2006. (Tr. 138-41, 142-48, 161). The State Agency denied Allums' applications, and he requested a hearing before an ALJ. (Tr. 98). After a hearing on September 20, 2010, the ALJ denied Allums' claim for benefits in a decision dated April 21, 2011. (Tr. 20-38). Allums sought review by the Appeals Council, but it declined his request on October 26, 2012. (Tr. 1-5). On that date, the ALJ's decision became the final decision of the Commissioner. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Allums then initiated this action. (Doc. 1).

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

[3] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

## II. Standard of Review[4]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). This court will determine the ALJ's decision is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.* Factual findings that are supported by substantial evidence must be upheld by the court. *Id.* The ALJ's legal conclusions, however, are reviewed *de novo*, "because no presumption of validity attaches to the [ALJ's] determination of the proper legal standards to be applied." *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's

---

[4] In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, the ALJ's decision must be reversed.  *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[5]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).  To establish entitlement to disability benefits, a claimant must provide evidence of a physical or mental impairment which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[5] The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, revised April 1, 2013.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4)(i–v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently engaged in substantial gainful activity;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform his past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2010); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, [she] will automatically be found disabled if [she] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [her] work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993), *overruled in part on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); accord *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

### IV. Findings of the Administrative Law Judge

At Step One, the ALJ found Allums met the insured status requirements of the Social Security Act through December 31, 2010, and had not engaged in substantial gainful activity since January 1, 2006, the alleged onset date. (Tr. 26). At Step Two, the ALJ found Allums had the following severe impairments: low back pain secondary to mild degenerative changes of lumbar spine; chronic obstructive pulmonary disease; left radial nerve palsy; and history of polysubstance abuse. (*Id.*). At Step Three, the ALJ found Allums does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29).

Before proceeding to Step Four, the ALJ determined Allums' residual functioning capacity ("RFC"), which is the most a claimant can still do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Allums has the RFC to perform light work activity which allows for a low average IQ; occasional bending and stooping; occasional gross manipulation; and a sit/stand option; restricted to working in a temperature-controlled environment; and further restricted to performing simple repetitive non-complex tasks. (Tr. 29).

At Step Four, the ALJ determined Allums is unable to perform any past relevant work. (Tr. 33). At Step Five, the ALJ determined, based on Allums' age,

education, work experience, and RFC, jobs exist in significant numbers in the national economy Allums can perform. (Tr. 33-34). Therefore, the ALJ denied Allums' claim. (Tr. 34).

### V. Analysis

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75) ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted). In particular, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6] However, the court "abstains from reweighing the evidence or substituting

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

its own judgment for that of the [Commissioner]." *Id.* (citation omitted). The court must review the Commissioner's decision and determine whether it is supported by substantial evidence and he applied the correct legal standards. *Wilson*, 284 F.3d at 1221.

Allums contends the Commissioner's decision is not supported by substantial evidence and should be reversed. (Doc. 8 at 2). Allums specifically argues the ALJ improperly discredited Allums' testimony based on his daily activities. (*Id.* at 7).

### A. The ALJ Clearly Articulated His Credibility Finding is Supported by Substantial Evidence

A claimant's RFC is the most a claimant can do despite his physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). An ALJ is required to evaluate a claimant's RFC before proceeding to Step Four and Step Five of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). In making this finding, the ALJ must consider all relevant evidence, including medical source statements and the claimant's description of his symptoms. *See* 20 C.F.R. §§404.1545(a)(3), 416.945(a)(3), SSR 96-8p, 1996 WL 374184 at *5.

On the other hand, when a claimant attempts to establish a disability based on his subjective complaints, including pain, he must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of

the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996-374186. If the claimant establishes he has an impairment that could reasonably be expected to produce his alleged symptoms, then the intensity and persistence of his alleged symptoms and their effect on his work must be evaluated. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

When evaluating the credibility of a claimant's statements regarding the intensity, persistence, or limiting effects of his symptoms, the ALJ considers all evidence, objective and subjective. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 364186 at * 4-5. The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. §§ 404.1529(c))(3), (4), 416.929(c)(3), (4); SSR 96-7p, 1996 WL 364186 at * 4-8. If an ALJ discredits a claimant's subjective complaints, "he must articulate explicit and adequate reasons for doing so." *Wilson v. Comm'r of Soc. Sec.*, 284 F.3d 1219, 1225 (11th Cir. 2002).

The ALJ properly evaluated Allums' subjective complaints of pain in accordance with regulatory criteria, Eleventh Circuit precedent, and SSR 96-7p. (*See* Tr. 29-32). Citing the appropriate standard and relevant legal authority, (Tr. 29-30),

the ALJ found Allums' medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Allums' statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (Tr. 31); *see* 20 C.F.R. §§ 404.1529, 416.929; *Dyer v. Barnhart*, 395 F.3d 1206, 2010 (11th Cir. 2005).

An ALJ is permitted to consider a claimant's daily activities when evaluating subjective complaints and determining a claimant's RFC.  *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).  Allums argues the ALJ placed undue emphasis on his activities of daily living when determining his RFC. (Doc. 8 at 7-9).

The non-binding case law Allums cites to support his position is not persuasive. (*See* Doc. 8 at 8).  Here, the ALJ considered Allums' daily activities together with medical evidence and other record evidence to assess his RFC. (Tr. 29-32).  The case law from the Eighth Circuit and other district courts[7] is clearly distinguishable.  In *Easter v. Bowen*, 867 F.2d 1128, 1130-31 (8th Cir. 1989), the Eighth Circuit noted the ALJ failed to expressly find the claimant's testimony not

---

[7] *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998), concluding the ALJ failed to explain the standard applicable to credibility determinations and failed to set forth a reasonable basis for rejecting the claimant's testimony, and *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469-70 (M.D. Fla. 1990), noting the only reason given by the ALJ for rejecting the claimant's subjective complaints was the finding the claimant married, adopted a child, and had a child of his own after his date last insured, are distinguishable.

credible and found the ALJ erred by disregarding the treating and consulting physician' opinions in favor of his own assessment of the claimant's condition. Additionally, in *Gude v. Sullivan*, the Eighth Circuit determined the claimant's subjective complaints were corroborated by her treating physician and consistent with her diagnosis). 956 F.2d 791, 794-95 (8th Cir. 1992). Neither of these circumstances exist in this case.

Plaintiff also cites *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). (Doc. 8 at 8). In *Lewis*, the Eleventh Circuit states: "Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." 125 F.3d at 1441. The court continued by explaining these daily activities were not inconsistent with the limitations recommended by Lewis's treating physicians and found the ALJ's decision to rely on the opinion of the consulting physician over those of Lewis's treating physician was not supported by substantial evidence. *Id.* Here, the ALJ did not rely on Allums' daily activities to avoid a treating physician's opinions. Instead, the ALJ considered Allums' daily activities along with other record evidence, including objective medical evidence, to assess Allums' credibility.

The ALJ recognized the record reflects Allums took care of his personal needs (although he testified could not button or zip), prepared simple meals, mowed his

lawn with a riding lawn mower, visited with family and his landlord, visited the Methadone clinic weekly, shopped for groceries, watched television, read, and maintained a relationship with his girlfriend. (Tr. 32, 58, 62, 65-66, 67, 164-68, 232). Contrary to Allums' arguments, there is no indication the ALJ placed any special emphasis on these daily activities. Instead, he considered these activities along with other evidence to assess Allums' credibility and concluded this evidence did not indicate Allums' condition caused disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(2)-(4), 416.929(c)(2)-(4); *Dyer*, 395 F.3d at 1211. The ALJ provided ample reasons for reaching this conclusion.

The ALJ noted the objective medical findings do not support Allums' allegations of disabling limitations. Although Allums alleged a disability onset date of January 1, 2006, the record does not include any evidence of medical treatment prior to April 2009. (Tr. 218-19). Allums testified he suffers from shortness of breath that limits his ability to walk. (Tr. 49). At his consultative examination in June 2009, Allums attributed his shortness of breath to emphysema, although he reported he had not been diagnosed and had not seen a physician for this condition. (Tr. 221). A chest X-ray taken in April 2009 reflected only mild increased interstitial markings with no acute cardiopulmonary disease and no pleural effusion. (Tr. 216). Allums' June 2009 pulmonary function test showed Allums to have mild obstructive

ventilator defects, which the consultative examiner concluded did not contradict the performance of work at a mild exertion level. (Tr. 222, 224).

In February 2010, Allums sought treatment for shortness of breath and was diagnosed with emphysema and was prescribed medication. (Tr. 256-57). Physical examinations in April and June 2009 and September 2010 revealed normal breath sounds and clear lungs with no wheezes or rales. (Tr. 221, 250, 254). Allums was hospitalized with pneumonia in May 2010 and again in July 2010, with the July 2010 chest x-ray revealing a "dramatic improvement" over the May 2010 comparison with most changes appearing to be scar-like in nature. (Tr. 275). In July 2010, Allums had an echocardiogram with largely normal findings, showing only minimal valve insufficiency and minimal right ventricular enlargement. (Tr. 271). Allums' August 2010 chest X-ray reflected stable findings with no pleural effusion and slightly diminished inspiration and the possibility of left lung base calcified granulomas. (Tr. 283).

None of the medical records indicate permanent activity or exercise restrictions were imposed based Allums' lung impairments, and there is no evidence of any opinions from treating physicians setting forth limitations caused by his lung condition.

Allums also alleged lower back pain (radiating into his left leg) and problems using his left hand. (Tr. 50-51, 53-54, 59-60). A lumbar spine X-ray revealed mild degenerative changes and the possible reduction of L5-S1 space. (Tr. 222). In June 2009, Allums' physical examination reflected normal gait, the ability to walk on heels and toes and rise from a deep squat without difficulty, and full active motion of all joints, extremities, and spine. (Tr. 222). In July 2010, Allums went to the emergency room with left radial nerve palsy, reportedly likely due to a methadone overdose. (Tr. 273-74). During his hospitalization, Allums' radial nerve palsy improved slightly, and he received a splint and occupational therapy. (Tr. 273).

Allums was taken to the emergency room on August 2010 with an altered mental state after he doubled his methadone dosage due to back pain from working in the yard for two days. (Tr. 268). After that visit, an X-ray did not show any evidence of injury to Allums' left hand. (TR. 268). The medical records do not note any restrictions due to Allums' left radial nerve palsy.

The ALJ's credibility findings are supported by substantial evidence. The ALJ properly considered the relevant evidence in assessing the credibility of Allums' allegations and clearly articulated his finding and the supporting evidence. This finding will not be disturbed. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (citing *MacGregory v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) ("A

clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

To the extent Allums argues the ALJ did not consider "evidence of record," (Doc. 8 at 9-11), the ALJ's decision reflects a detailed analysis and discussion of the medical and other evidence. (TR. 29-32). Despite his argument to the contrary, as Allums was represented by counsel, the ALJ had no "special duty" to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

## VI. Conclusion

The ALJ applied the proper legal standards, and there is substantial evidence to support his findings. Plaintiff fails to point to a deficiency in either regard. The court has scrutinized the entire record and determined the ALJ's decision is reasonable and supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be AFFIRMED and this action is due to be DISMISSED.

A separate order will be entered.

DONE this 25th day of April, 2013.

                              HARWELL G. DAVIS, III
                              UNITED STATES MAGISTRATE JUDGE